IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| HENRY H. BETTIS III § <br> (Inmate of Madison County, NC) § <br> § <br> V. § <br> § <br> WILLIAMSON COUNTY SHERIFF'S § <br> DEPT., WILLIAMSON COUNTY § <br> DISTRICT ATTORNEY'S OFFICE, § <br> MADISON COUNTY (N.C.) SHERIFF'S § <br> DEPT. and MADISON COUNTY § <br> DISTRICT ATTORNEY'S OFFICE § | A-10-CA-199-LY |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in the Madison County Jail in North Carolina. Plaintiff alleges he was arrested by the Williamson County Sheriff's Department pursuant to a request by the Madison County Sheriff's Department on July 6, 2009.

1

Plaintiff indicates he was arraigned and charged under the Fugitive from Justice Statute on July 7, 2009. Plaintiff complains he was not appointed an attorney and was extradited to North Carolina on July 28, 2009. Plaintiff does not specify what relief he seeks from the Williamson County Sheriff's Department, the Williamson County District Attorney's Office, the Madison County Sheriff's Department, or the Madison County District Attorney's Office.

## DISCUSSION AND ANALYSIS

    A.    Williamson County Defendants

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent [dismissal]." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

The Williamson County Sheriff's Department is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police

Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

In addition, other than naming the Williamson County District Attorney's Office as a defendant, Plaintiff makes no allegations with regard to that office. Accordingly, Plaintiff's allegations are insufficient to state a constitutional violation against the Williamson County District Attorney's Office. Therefore, Plaintiff's claims against the Williamson County defendants should be dismissed.

      B.      Madison County Defendants

Plaintiff's remaining claims are brought against the Madison County Sheriff's Department and the Madison County District Attorney's Office. Madison County is located in North Carolina.

There is no specific venue provision contained in the Civil Rights Act under which this action was brought. Therefore, venue in civil rights cases is controlled by 28 U.S.C. § 1391. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd per curiam, 480 F.2d 805 (5th Cir. 1973). The relevant portions of the statute provide that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in (1) the judicial district where all defendants reside, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court is of the opinion Plaintiff's claims brought against the Madison County defendants should be dismissed without prejudice, so that Plaintiff may refile his claims in North Carolina. Plaintiff has recently filed two lawsuits in the Western District of North Carolina, Asheville Division. Therefore, Plaintiff is certainly aware of his ability to file actions in that court.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Williamson County Sheriff's Department and the Williamson County District Attorney's Office be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's claims against the Madison County Sheriff's Department and the Madison County District Attorney's Office be dismissed without prejudice to refiling in the United States District Court for the Western District of North Carolina.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of April, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE